IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

JAMES E. RAINES,

        Petitioner,    :        Case No. 2:25-cv-116

  - vs -                          District Judge Douglas R. Cole
                                         Magistrate Judge Michael R. Merz

JAY FORSHEY, Warden, Noble
 Correctional Institution,

                                         :
        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus action brought by Petitioner James Raines *pro se* pursuant to 28 U.S.C. § 2254. Relevant filings are the Petition (ECF No. 3), the State Court Record (ECF No. 10), the Return of Writ (ECF No. 11) and Petitioner's Traverse (ECF No. 15). With the filing of the Traverse, the case is ripe for decision.

**Litigation History**

On February 15, 2023, the Gallia County grand jury indicted Petitioner on three counts of violating a protection order in violation of Ohio Revised Code § 2919.27(A)(2) in Case No. 23CR27. (State Court Record, ECF No. 10, Ex. 1). Additionally on April 13, 2023, Raines was indicted on one count of arson in violation of Ohio Revised Code § 2909.03(A)(1)/

1

2909.03(D)(2)(b) in Case No. 23CR68. *Id.* at Ex. 7. Raines pleaded not guilty to all the charges. As a result of plea negotiations, Petitioner changes his plea to guilty of all of these charges in return for dismissal of charges pending in two other proceedings. In Case No. 23CR27, he was sentenced to twelve months of imprisonment for each count of violating a protection order, for a total of thirty-six months, consecutive to the eighteen-month sentence imposed in Case No. 23CR68. *Id.* at Ex. 6.

Petitioner then appealed in both cases and the Ohio Fourth District Court of Appeals granted his motion to consolidate the cases and then affirmed. *State v. Raines*, 252 N.E.3d 162, 2024-Ohio-3236 (Ohio App. 4th Dist. Aug. 19, 2024). Raines appealed to the Supreme Court of Ohio, but that court declined to exercise jurisdiction. *State v. Raines,* 176 Ohio St.3d 1412 (Nov. 26, 2024).

Raines then filed his habeas corpus petition *pro se* pleading the following grounds for relief:

> **Ground One**: Ineffective Assistance of Trial Counsel.
>
> **Supporting Facts**: Attorneys unreasonable performance led to a plea in which he were [Defendant] given reasonable advice, the Defendant [Petitioner] would have proceeded to trial. Counsels failures led to a plea that was less than intelligent, knowing and certainly not voluntary.
>
> **Ground Two**: Mr. Raines Due Process Rights under the 14th Amendment were violated.
>
> **Supporting Facts:** The legal flaw in charging theory in combination with the wrongful advice to take a plea for charges he was and is in fact innocent of, a plea which was unknowing, unintelligent and not voluntary, violated Mr. Raines Due Process Rights as guaranteed by the Constitution.
>
> **Ground Three**: Ineffective Assistance of Appellate Counsel

2

> **Supporting Facts:** Petitioner is Pro Se, uneducated in the law. Any failure to preserve or present any portion thereof of claims one and two above in a proper sense are and or would be the fault of his legal representative, Appellate Counsel.

(Petition, ECF No. 3, PageID 34-37).

# Analysis

**Ground One: Ineffective Assistance of Trial Counsel**

In his first Ground for Relief, Petitioner asserts he received ineffective assistance of trial counsel when his trial attorney failed to realize that Petitioner had been charged under the incorrect violation of a protective order statute and recommended a guilty plea to that charge, whereas he would have had a complete defense and would have gone to trial if the advice had been correct.

Respondent asserts this Ground for Relief is procedurally defaulted because the adverse decision of the Fourth District Court of Appeals on this claim was not appealed to the Ohio Supreme Court (Return of Writ, ECF No. 11, PageID 392).

Petitioner responds that this claim was included in his appeal to the Ohio Supreme Court by implication in his First Proposition of Law which reads:

> When it is undisputed the defendant is legally innocent of an offense, but the defendant, trial counsel, prosecutor, and trial court fail to understand the legal flaw in the charging theory, the defendant's guilty plea is neither knowing nor intelligent and must be vacated without a showing of prejudice.

(Memorandum in Support of Jurisdiction, State Court Record, ECF No. 10, Ex. 29, PageID 274). In arguing this Proposition of Law to the Ohio Supreme Court, counsel never mentions ineffective assistance of trial counsel as the cause of Petitioner's allegedly invalid plea, nor does he cite any

3

precedent on that issue. On appeal to the Supreme Court, Petitioner was represented by the same attorney who represented him in the Fourth District. In that court, counsel specifically raised as Assignment of Error 1 that Petitioner had received ineffective assistance of trial counsel, causing him to plead guilty (Appellant's Brief, State Court Record, ECF No. 10, Ex. 20, PageID 136). Counsel knew that he had raised the ineffective assistance of trial counsel issue sufficiently to obtain a merits decision from the Fourth District and plainly knew that decision was adverse to Raines's position, yet chose not to pursue it before the Ohio Supreme Court.

In order to present a claim in habeas, a petitioner must first exhaust available state court remedies. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971). If at the time he files in habeas, a petitioner has exhausted available state court remedies but omitted some claim made in habeas which he is no longer able to present to the state courts, he has procedurally defaulted that claim. *Davila v. Davis*, 582 U.S. 521, 527 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 582 U.S. 521, 527(2017)). *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002).

Petitioner notes that he did present this claim to the Fourth District. However, that is insufficient. To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir.

4

1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009); *O'Sullivan v. Boerckel,* 526 U.S. 838, 846-7 (1999). Merely mentioning "trial counsel" in a list of persons who did not raise Raines' claim about the correct charge does not fairly present this claim. Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

Raines also asserts any procedural default in presenting this claim to the Ohio Supreme Court is excused by his receiving ineffective assistance of appellate counsel in presenting this case to that court. However, ineffective assistance of appellate counsel will excuse failure to present an issue only in those courts to which the Sixth Amendment right to effective assistance attaches and there is no Sixth Amendment right on discretionary appeal to the Ohio Supreme Court. The right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). Ineffective assistance of counsel can excuse procedural default only when it occurs in a proceeding where a defendant is constitutionally entitled to counsel under the Sixth Amendment. *Wainwright v. Torna*, 455 U.S. 586 (1982)(where there is no constitutional right to counsel there can be no deprivation of effective counsel); *Riggins v. Turner*, 1997 U.S. App. LEXIS 6115, *5 (6th Cir. 1997); *Barkley v. Konteh*,

5

240 F. Supp. 2d 708, 714 (N.D. Ohio 2002).

Petitioner's ineffective assistance of trial counsel claim is procedurally defaulted and should be dismissed on that basis.

**Ground Two: Denial of Due Process: Guilty Plea Not Knowing, Intelligent, and Voluntary**

In his Second Ground for Relief, Raines contends his guilty plea was not knowing, intelligent, and voluntary and therefore his conviction of the basis of that plea violates his Due Process rights under the Fourteenth Amendment.

Raines raised this claim as his Second Assignment of Error on direct appeal and the Fourth District decided it as follows:

> {¶37} In the second assignment of error, Raines contends that his "conviction was unconstitutional under Due Process because his plea was not knowing, intelligent, nor voluntary." Raines maintains that a plea is not knowing, intelligent, and voluntary when it is based on an erroneous understanding of the applicable law. Raines claims he "was made to believe by the authorities that he was culpable for 3 violations of R.C. 2919.27(A)(2)." He asserts that the grand jury and prosecutor "made that allegation and persisted with it throughout the case." Raines claims his "trial counsel confirmed his culpability at the plea and sentencing hearings" and "told the court that [he] understood he had violated a valid protection order by speaking with [the protected person] on the phone from jail, at [her] request, to discuss their newborn." Thus, he asserts that "the totality of the circumstances show that [he] believed he faced criminal liability under [R.C. 2919.27(A)(2)] for violating a valid DVTPO," and "[t]his belief informed his decision to plea as charged to the VPO indictment." Raines claims his "beliefs about his VPO liability were erroneous," and he "had complete defenses," "[s]o his plea was unconstitutional and cannot be enforced."
>
> {¶38} In his reply brief, Raines asserts that he was just "alerted to a binding U.S. Supreme Court case," *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), which stands for the proposition that a defendant does not enter a knowing and voluntary guilty plea when the defendant, defense counsel, and the trial court did not correctly understand the essential elements of the

6

crime at the plea hearing. Raines maintains that he "raised a knowing-and-voluntary claim in his brief." He asserts that the grand jury, prosecutor, defense counsel, and trial court "all mistakenly believed that a violation of a misdemeanor [DVTPO] stated an offense under R.C. 2919.27(A)(2)." He maintains that "[t]here is now no dispute it does not," and "[u]nder *Bousley*, this shows a Due Process violation because [his] plea was not entered knowingly and voluntarily." Raines also asserts public policy favors reversal because "[t]he public must have confidence in the validity of pleas, felony convictions, and prison sentences," and "[t]hat is lost when there is no dispute about a defendant's legal innocence to the charged offenses for which he is imprisoned."

### A. Legal Principles

{¶39} " 'Due process requires that a defendant's plea be made knowingly, intelligently, and voluntarily; otherwise, the defendant's plea is invalid.' " *Bell*, 2024-Ohio-1502, at ¶ 10 (4th Dist.), quoting *State v. Medina*, 2021-Ohio-1727, 2021 WL 2013020, ¶ 6 (8th Dist.). "In general, when deciding whether to accept a plea a court must determine whether a defendant enters the plea knowingly, intelligently, and voluntarily." *Id.* at ¶ 21, citing *State v. McDaniel*, 2010-Ohio-5215, 2010 WL 4258622, ¶ 8 (4th Dist.). " ' "In considering whether a guilty plea was entered knowingly, intelligently and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards." ' " *Id.*, quoting *McDaniel* at ¶ 8, quoting *State v. Eckler*, 2009-Ohio-7064, 2009 WL 5199324, ¶ 48 (4th Dist.) (lead opinion).

{¶40} " 'Before accepting a guilty plea, the trial court should engage in a dialogue with the defendant as described in Crim.R. 11(C).' " *Id.* at ¶ 22, quoting *McDaniel* at ¶ 8. "The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he [or she] can make a voluntary and intelligent decision whether to plead guilty." *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). "[A]lthough literal compliance with Crim.R. 11(C) is preferred, it is not required." *State v. Stepp*, 2024-Ohio-914, 2024 WL 1083305, ¶ 13 (4th Dist.), citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29, citing *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 19. "Therefore, an appellate court will ordinarily affirm a trial court's acceptance of a guilty plea if the record reveals that the trial court engaged in a meaningful dialogue with the defendant and explained 'in a manner reasonably

intelligible to that defendant' the consequences of pleading guilty." *Id.*, citing *Ballard* at paragraph two of the syllabus.

{¶41} Crim.R. 11(C)(2) states:

> In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally * * * and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶42} "When a criminal defendant seeks to have [a] conviction reversed on appeal, the traditional rule is that [the defendant] must establish that an error occurred in the trial-court proceedings and that he [or she] was prejudiced by that error." *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 13. However, there are exceptions to the prejudice component of the rule in the criminal-plea context. *Id.* at ¶ 14-15. When a trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) that a defendant waives by pleading guilty or no contest, "we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Id.* at ¶ 14. In addition, "a trial court's *complete* failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." (Emphasis sic.) *Id.* at ¶ 15. "If neither of these two exceptions apply, then the defendant is not entitled to have the plea vacated without

8

demonstrating prejudice." *State v. Pierce*, 2024-Ohio-82, 233 N.E.3d 779, ¶ 13 (4th Dist.). "The test for prejudice is ' "whether the plea would have otherwise been made." ' " *Pierce* at ¶ 13, quoting *Dangler* at ¶ 16, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶43} "Properly understood, the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Dangler* at ¶ 17.

**B. Analysis**

{¶44} In his appellate briefs, Raines does not specifically contend that the trial court failed to comply with Crim.R. 11(C). However, one might glean a contention that the court failed to comply with Crim.R. 11(C)(2)(a)'s requirement that the court determine that the defendant is making the plea with understanding of the nature of the charges from Raines' reliance on *Bousley* in his reply brief. In that case, the petitioner asserted his plea was unintelligent because he was misinformed as to the true nature of the charge. *Bousley*, 523 U.S. at 618-619, 118 S.Ct. 1604. The United States Supreme Court explained that it has "long held that a plea does not qualify as intelligent unless a criminal defendant first receives 'real notice of the true nature of the charge against [the defendant], the first and most universally recognized requirement of due process.' " *Id.* at 618, 118 S.Ct. 1604, quoting *Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 85 L.Ed. 859 (1941). The Court noted there was a presumption the petitioner was informed of the nature of the charge against him because he was provided with a copy of his indictment prior to pleading guilty. *Id.* However, the petitioner maintained that "his guilty plea was unintelligent because the District Court subsequently misinformed him as to the elements of [the] offense." *Id.* In other words, he contended "that the record reveals that neither he, nor his counsel, nor the court correctly understood the essential elements of the crime with which he was charged." *Id.* The Court stated, "[w]ere this contention proved, petitioner's plea would be * * * constitutionally invalid." *Id.* at 618-619, 118 S.Ct. 1604.

{¶45} Even if Raines' reply brief challenges the trial court's compliance with Crim.R. 11(2)(C)(a), we observe that "[t]he purpose of a reply brief is to afford the appellant an opportunity to respond to the appellee's brief, not to raise an issue for the first

9

time." *State v. Ross*, 2017-Ohio-9400, 103 N.E.3d 81, ¶ 17 (4th Dist.). " 'Appellate courts generally will not consider a new issue presented for the first time in a reply brief.' " *Id.*, quoting *State v. Spaulding*, 151 Ohio St.3d 378, 2016-Ohio-8126, 89 N.E.3d 554, ¶ 179. In any event, any contention that the trial court failed to comply with Crim.R. 11(C)(2)(a) is meritless.

{¶46} "In determining whether a defendant understood the charge, a court should examine the totality of the circumstances." *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 56. "However, '[t]he courts of this state have generally held that a detailed recitation of the elements of the charge is not required under Crim.R. 11(C)(2)(a)." *Id.* at ¶ 57, quoting *State v. Swift*, 86 Ohio App.3d 407, 412, 621 N.E.2d 513 (11th Dist. 1993). "Moreover, the Constitution does not require that a trial court explain the elements of the charge, at least where the record contains a representation by defense counsel that the nature of the offense has been explained to the accused." *Id.*

{¶47} In this case, the totality of the circumstances demonstrate that Raines understood the nature of the VPO charges. The record reflects that Raines received a copy of the VPO indictment prior to pleading guilty. At the change of plea hearing, the court asked defense counsel whether he had informed Raines of the elements of the offenses, defense counsel stated he had, and Raines agreed. The court asked if Raines understood the allegations, and Raines said that he did. The court asked if he had any questions regarding the elements of the offenses, and Raines said, "No." Later, while reviewing the guilty plea forms with Raines, the court asked whether it was true that he understood the nature of the charges, and Raines said, "Yes." Unlike the petitioner in *Bousley*, Raines does not allege that the trial court misinformed him of the elements of the offenses, nor does our review of the record reflect that the court did so. In addition, we note the record reflects that the trial court complied with the other requirements of Crim.R. 11(C)(2).

{¶48} Raines may not have understood that he had a defense to the VPO charges under R.C. 2919.27(A)(2) because the relevant protection order was issued pursuant to R.C. 2919.26, not R.C. 2151.34, 2903.213, or 2903.214. But "[i]t is well-settled that there is no requirement under Crim.R. 11(C)(2) that trial courts apprise defendants of available defenses when accepting a change of plea." *State v. Phillips*, 2012-Ohio-5950, 2012 WL 6571626, ¶ 31 (3d Dist.). And to the extent Raines implies his plea was not knowing, voluntary, or intelligent due to defense counsel's ineffectiveness, as previously explained, Raines has not

10

> demonstrated a reasonable probability that but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial.
>
> {¶49} For the foregoing reasons, we conclude that Raines knowingly, voluntarily, and intelligently entered his guilty pleas to the VPO offenses, and we overrule the second assignment of error.

*Raines, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000); *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018).

A plea of guilty or no contest is valid if, but only if, it is entered voluntarily and intelligently, as determined by the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *Abdus-Samad v. Bell*, 420 F.3d 614, 631 (6th Cir. 2005); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984). The determination of whether this plea was intelligently made depends upon the particular facts and circumstances of each case. *Johnson v. Zerbst,* 304 U.S. 458, 463 (1938); *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their

11

> nature improper as having no proper relationship to the prosecutor's business (e. g. bribes).

*Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a guilty or no contest plea is determined in light of all relevant circumstances surrounding the plea. *Brady*, 397 U.S. at 749.

The Fourth District thus decided Raines's involuntary plea claim on the merits. His burden in habeas is to show that was an objectively unreasonable application of Supreme Court precedent. The Fourth District recognized *Bousley v. United States,* 523 U.S. 614 (1998), as applicable Supreme Court precedent. As Justice Scalia emphasized in *Bousley*, actual innocence means factual innocence, not mere legal insufficiency. *Bousley*, *citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). Raines has not begun to demonstrate actual innocence or that the Fourth District misapplied *Bousley* or other relevant Supreme Court precedent in an objectively unreasonable way.

Ground Two should be dismissed on the merits.

**Ground Three: Ineffective Assistance of Appellate Counsel**

In his Third Ground for Relief, Raines asserts any failure to preserve the claims made in Grounds One and Two is the responsibility of his appellate counsel. Respondent makes no claim Ground Two is procedurally defaulted; that defense is raised only as to Ground One.

The claim of ineffective assistance of trial counsel made in Ground One was found above to be procedurally defaulted because it was not fairly presented to the Ohio Supreme Court on discretionary review, a proceeding to which the Sixth Amendment right to effective assistance of counsel does not apply. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417

U.S. 600 (1974).

Ground Three should be dismissed for failure to plead a claim cognizable in habeas corpus.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 23, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.