IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

JAMES E. RAINES,

       Petitioner,  :       Case No. 2:25-cv-116

  - vs -       District Judge Douglas R. Cole
       Magistrate Judge Michael R. Merz

JAY FORSHEY, Warden, Noble
 Correctional Institution,

       :

       Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action, brought *pro se* by Petitioner James Raines under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections ("Objections," ECF No. 19) to the Magistrate Judge's Report and Recommendations recommending dismissal ("Report," ECF No. 18).  District Judge Cole has recommitted the case to the undersigned for reconsideration in light of the Objections (ECF No. 20).

Petitioner does not object to the recitation of litigation history in the Report and it will not be repeated here.

**Ground One:  Ineffective Assistance of Trial Counsel**

In his first Ground for Relief, Petitioner asserts he received ineffective assistance of trial

1

counsel when his trial attorney failed to realize that Petitioner had been charged under the incorrect violation of a protective order statute and recommended a guilty plea to that charge, whereas he would have had a complete defense and would have gone to trial if the advice had been correct.

The Report accepts Respondent's defense this Ground for Relief is procedurally defaulted because the adverse decision of the Fourth District Court of Appeals on this claim was not appealed to the Ohio Supreme Court (Report, ECF No. 18, citing Return of Writ, ECF No. 11, PageID 392).

Petitioner objects that the omission of this claim from the appeal to the Ohio Supreme Court is the fault of the retained attorney who represented him in that court in not including it (Objections, ECF No. 19, PageID 452).

The record shows Raines was represented by the same retained attorney in both the Fourth District Court of Appeals and the Ohio Supreme Court (See State Court Record, ECF No. 10, Appellant Brief, Ex. 20; Memorandum in Support of Jurisdiction, Ex.29).  Petitioner argues that in that circumstance "no competent counsel, in the exercise of reasonable professional judgement, would have omitted the claim[s]." Objections, ECF No. 19, PageID 452, quoting *Hittson v. GDCP Warden,* 159 F.3d 1210, 1263-66 (11th Cir., Jul. 9, 2014).

The words Raines quotes do indeed appear in the *Hittson* opinion, but he has taken them out of context. They were written by the Eleventh Circuit to describe a standard of proof for ineffective assistance of trial counsel claims, not to show that Hittson had met that standard.  The Court wrote:

> [T]o show that his habeas counsel failed to provide the level of representation required by *Strickland [v. Washington*, 466 U.S. 668 (1984)]*,* Hittson must show more than the mere fact they failed to raise potentially meritorious claims; he must show that *no competent counsel,* in the exercise of reasonable professional judgment, would have omitted those claims. Even assuming that the underlying ineffective-assistance claims are meritorious (which, as we explain in the following section, they are not), Hittson has not

2

> established that his state habeas counsel were incompetent for failing to raise them.

459 F.3d at 1263.

It is clear that Raines' claim of ineffective assistance of trial counsel was not presented to the Ohio Supreme Court on direct appeal. Thus that claim is procedurally defaulted under *O'Sullivan v. Boerckel,* 526 U.S. 838, 846-7(1999), which requires that any habeas claim be presented to a full round of state court consideration.

An unexcused procedural default will bar a claim in habeas. The Report found Petitioner had not presented excusing cause and prejudice. In his Objections Petitioner relies on a claim of ineffective assistance of appellate counsel, asserting it was ineffective assistance of appellate counsel to omit this claim. But as the Report also concluded ineffective assistance of counsel will only count as excusing cause if it occurs in a proceeding where the Sixth Amendment guarantees effective assistance of counsel. Appeal to the Ohio Supreme Court is not such a proceeding because it is not an appeal of right. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). Ineffective assistance of counsel can excuse procedural default only when it occurs in a proceeding where a defendant is constitutionally entitled to counsel under the Sixth Amendment. *Wainwright v. Torna*, 455 U.S. 586 (1982)(where there is no constitutional right to counsel there can be no deprivation of effective counsel); *Riggins v. Turner*, 1997 U.S. App. LEXIS 6115, *5 (6th Cir. 1997); *Barkley v. Konteh*, 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002).

Petitioner relies on the proposition "Inadequate assistance of counsel at [the States Highest Court] proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Objections, ECF No. 19, PageID 454, citing *Martinez v. Ryan,* 566 U.S. 1, 132

3

S. Ct. 1309, 1315 (2012). The word Petitioner has added in brackets do not reflect the Supreme Court's holding. In *Martinez*, the Supreme Court held ineffective assistance of counsel in collateral challenges to a conviction can act as excusing cause for failure to present a claim in those proceedings "when a State **requires** a prisoner to raise a claim of ineffective assistance at trial in a collateral proceeding." 566 U.S. at 1312 (emphasis added). Arizona is such a State, but Ohio is not. Ineffective assistance of trial counsel claims in Ohio which can be adjudicated on the appellate record must be litigated on direct appeal or be held barred by *res judicata*. In *State v. Perry,* 10 Ohio St. 2d 175 (1967). The Sixth Circuit has held explicitly that *Martinez* does not apply in Ohio. *Moore v. Mitchell*, 708 F. 3d 760 (6th Cir. 2013).

**Ground Two: Denial of Due Process: Guilty Plea Not Knowing, Intelligent, and Voluntary**

In his Second Ground for Relief, Raines contends his guilty plea was not knowing, intelligent, and voluntary and therefore his conviction of the basis of that plea violates his Due Process rights under the Fourteenth Amendment. The Report quoted at length from the Fourth District's rejection of this claim on direct appeal (ECF No. 16, PageID 441-46) and concluded that decision was not an objectively unreasonable application of clearly established Supreme Court precedent. *Id.* at PageID 447.

Petitioner objects that the Fourth District's decision is not entitled to deference because it was "authored by the prosecuting attorney." To attempt to prove that fact, Petitioner cites the dissenting opinion of Justice Donnelly in a capital case, *State v. Bonnell*, 159 Ohio St. 3d 1413 (2020). Petitioner goes further: "The State of Ohio is notorious for walking around arguments, ·providing red herrings and strawman arguments when it comes to constitutional issues in criminal

4

cases." (Objections, ECF No. 19, PageID 456).  This is irrelevant and unsubstantiated rhetoric.  There is absolutely no proof that the Fourth District's opinion was drafted by the prosecuting attorney.

Petitioner claims he was promised probation by his attorney if he pleaded guilty.  As proof, he quotes his attorney's request for probation at sentencing.  He offers no proof of any promise made before the plea and, in any event, such a claim would have to have been raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21.

**Ground Three: Ineffective Assistance of Appellate Counsel**

In his Third Ground for Relief, Raines asserts any failure to preserve the claims made in Grounds One and Two is the responsibility of his appellate counsel.  The Report read this claim as an effort to excuse the procedural default of Petitioner's ineffective assistance of trial counsel claim by blaming it on his appellate attorney, the same attorney on both direct appeal to the Fourth District and the Supreme Court of Ohio.  The Report recommended dismissal of the claim as non-cognizable because, as noted above, there is no constitutional right to effective assistance of counsel on appeal to the Ohio Supreme Court.

Petitioner objects, but he offers no authority for his position except to again mis-cite *Hittson*.  Petitioner cites *Mapes v. Coyle,* 171 F.3d408 (6th Cir.1999), for possible reasons to find ineffective assistance of appellate counsel.  Mapes is good authority for that point but only applies to proceedings in which there is a constitutional right to effective assistance.

**Conclusion**

Having reconsidered the Report in light of Petitioner's Objections, the Magistrate Judge adheres to his original recommendation that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 10, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.